RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001386-MR

DARWIN GRAY                                                                            APPELLANT

v.                APPEAL FROM OLDHAM CIRCUIT COURT
                  HONORABLE KAREN A. CONRAD, JUDGE
                        ACTION NO. 18-CI-00431

DEPARTMENT OF CORRECTIONS                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND MCNEILL, JUDGES.

JONES, JUDGE:  Darwin Gray, *pro se*, appeals from the Oldham Circuit Court's

order dismissing his petition for a declaration of rights, entered on April 2, 2019,

and the circuit court's denial of his motion to alter, amend, or vacate the judgment,

which the circuit court entered on June 27, 2019.  Having reviewed the record in

conjunction with all applicable legal authority, we affirm.

Gray is an inmate currently serving a sentence with the appellee, Kentucky Department of Corrections (DOC). On July 9, 2017, while incarcerated at the Roederer Correctional Complex in LaGrange, Kentucky, Gray was conversing with his girlfriend using the facility's monitored telephone system. Gray and his girlfriend began arguing, and Gray uttered what DOC employees construed as a threat to escape.[1] As a result, the DOC's adjustment committee charged Gray with violating DOC Policies and Procedures (CPP) 15.2(II)(C)(VI)(1) – Escape (Inchoate). After finding him guilty of the infraction, the adjustment committee penalized Gray with thirty days' segregation, suspended for one hundred eighty days, and the loss of one hundred eighty days of statutory good time on his sentence.

After exhausting his administrative remedies, Gray filed a petition for a declaration of rights in Oldham Circuit Court. The DOC moved to dismiss the petition, and the circuit court summarily granted the DOC's motion by a written order. Gray then moved the circuit court to alter, amend, or vacate the judgment under CR[2] 52.02 and CR 59.05. On June 27, 2019, the circuit court entered an

---

[1] Gray told his girlfriend not to "play" with him, stating, "Don't get it twisted 'cause I could easily go to Blackburn [Correctional Complex, the minimum-security facility]." He then stated, "A Dodge Magnum will be coming to pick me up . . . if I tell that Dodge Magnum to come get me."

[2] Kentucky Rules of Civil Procedure.

order denying Gray's motion. In its order, the circuit court found that Gray's petition was now moot because his lost statutory good time had been restored to him; with the restoration of his good time, Gray no longer suffered from the loss of a protected liberty interest. This appeal followed.

In his *pro se* brief, Gray contends the restoration of his statutory good time does not make his case moot because the DOC's penalties cost him the opportunity to earn meritorious good time credits on his sentence. He also argues the infraction adversely affected the security level of his incarceration.

"In order to prevail on a Fourteenth Amendment procedural due process claim, a party must establish (1) that he enjoyed a protected 'liberty' or 'property' interest within the meaning of the Due Process Clause, and (2) that he was denied the process due him under the circumstances." *Marksberry v. Chandler*, 126 S.W.3d 747, 749 (Ky. App. 2003) (citations omitted). "A liberty interest protectible under the Fourteenth Amendment may arise only when implicated by the Constitution, or a state law or regulation." *Mahoney v. Carter*, 938 S.W.2d 575, 576 (Ky. 1997) (citation omitted).

The circuit court correctly determined that Gray's petition was moot. "The general rule is . . . that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed."

*Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (citations and internal quotation marks omitted). Although the loss of statutory good time implicates a protected liberty interest, *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974), it is uncontroverted that Gray's statutory good time was restored to him. Despite Gray's arguments to the contrary, there is no protected liberty interest in the lost opportunity to earn meritorious good time credits. *Marksberry*, 126 S.W.3d at 753. In addition, "inmates do not have a constitutional right to a particular security classification or to be housed in a particular institution." *Id*. at 751 (citations omitted).

For the foregoing reasons, we affirm the Oldham Circuit Court's orders dismissing Gray's petition.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Darwin Gray, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Richard D. Lilly
Frankfort, Kentucky